CHIEF JUSTICE CARRICO,
with whom JUSTICE LACY and JUSTICE KEENAN join, dissenting.
I would reverse. The majority acknowledges that the policy exclusion involved in this case is valid only if there is no conflict or inconsistency between the exclusion and statutory provisions. As pertinent here, Code § 38.2-2201 (A) provides that medical expense coverage shall be extended: “(i) to persons occupying the insured motor vehicle; and (ii) to the named insured and, while resident of the named insured’s household, the spouse and relatives of the named insured while in or upon, entering or alighting from ... a motor vehicle.”
In other words, the coverage provided by (i) is extended to all persons occupying the insured vehicle while the coverage provided by (ii) is extended only to the named insured and to his or her resident spouse and relatives. However, the coverage under (ii) is extended while the persons specified are occupying a motor vehicle, meaning any motor vehicle, whether insured or not. Yet, *237 State Farm’s policy exclusion would deny coverage to the persons specified in (ii) while occupying a vehicle that is not insured. Hence, there is a direct conflict or inconsistency between the policy exclusion and the statute, and the exclusion cannot stand.